IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
MEGHAN WILLIAMS                     :       3:12 CV 43 (JBA)
:
:
V.                                  :
:
HOWELL CHENEY TECHNICAL             :       DATE: NOVEMBER 14, 2012
HIGH SCHOOL ET AL.                  :
---------------------------------------------------------X

AMENDED RULING ON PLAINTIFF'S MOTION TO COMPEL

On January 10, 2012, plaintiff filed this lawsuit, followed by an Amended Complaint filed on April 18, 2012 (Dkt. #34), regarding student-on-student racial harassment against plaintiff while she was a student at defendant Howell Cheney Technical High School ["HCTHS"], particularly during the 2008-09 school year.  Counts One and Two allege violations of 42 U.S.C. §§ 1983 and 2000d, and Article First, § 20 of the Connecticut Constitution against defendant Patricia Feeney, Assistant Principal of HCTHS, and defendant Janet D'Onofrio, a teacher at HCTHS, respectively; Counts Three and Four allege hostile environment in violation of Title VI, and 42 U.S.C. §§ 1983 and 2000d, and Article First, § 20 of the Connecticut Constitution against defendant HCTHS and the State of Connecticut, respectively.  Under the Case Management Order filed by U.S. District Judge Mark R. Kravitz on April 3, 2012, all discovery is to be completed by December 17, 2012, and all dispositive motions are to be filed by January 16, 2013.  (Dkt. #32).

On August 29, 2012, plaintiff filed the pending Motion to Compel (Dkt. #45),[1] as to

---

[1] Six exhibits are attached: affidavit of plaintiff's counsel, sworn to August 29, 2012 (Exh. 1); copy of Interrogatories to defendant State of Connecticut and of Requests for Production of Documents to defendant HCTHS, both dated April 27, 2012 (Exh. 2); copy of Local Rules for the United States District Court for the District of Maryland, dated July 1, 2011 (Exh. 3); copies of redacted incident reports, dated January 14 and 20, 2009 (Exh. 4); and copies of redacted Suspension Letters, dated January 14, 2009 (Exhs. 5-6).

which defendants filed their brief in opposition on October 9, 2012.  (Dkt. #48; see also Dkts. ##46-47).  After the tragic death of Judge Kravitz, this file was transferred to U.S. District Judge Janet Bond Arterton on October 17, 2012 (Dkt. #49), and five days later, the file was referred to this Magistrate Judge for discovery.  (Dkt. #50).

For the reasons stated below, plaintiff's Motion to Compel (Dkt. #45) is granted in part and denied in part.

## I. DISCUSSION

The twenty-eight discovery requests are at issue here – Interrogatories Nos. 1-2, 4-16 and 21, and Requests for Production Nos. 2, 4-5, 8-14 and 17.

Interrogatories Nos. 1-2 – Defendants shall respond to the extent that plaintiff has misspelled or misstated the names of any of the four defendants and if so, should provide the proper spelling or name of such defendant(s), **on or before December 7, 2012**. (Dkt. #45, Brief at 3-4 & Exh. 1; Dkt. #48, at 4-5).

Interrogatories Nos. 4-5 – Defendants shall respond to the extent required by FED. R. CIV. P. 26(a)(1)(A) with respect to fact witnesses, and to the extent required by Dkt. #32, ¶ 3 and FED. R. CIV. P. 26(a)(2) with respect to expert witnesses. (Dkt. #45, Brief at 4-5 & Exh. 1; Dkt. #48, at 5).

Interrogatory No. 6 – The sole issue is whether identification of the three students who wrote the redacted statements provided to plaintiff's counsel is confidential student information under the Family Education Rights and Privacy Acts ["FERPA"], 20 U.S.C. § 1232g, and the regulations thereunder.  FERPA does not "extend to information which is derived from a source independent of school records[,]" that is, information that is widely

2

"known by members of the school community through conversation and personal contact[,]" because "Congress could not have constitutionally prohibited comment on, or discussion of, facts about a student which were learned independently of his school records." Frasca v. Andrews, 463 F. Supp. 1043, 1050 (E.D.N.Y. 1979).  In Daniel S. v. Bd. of Ed. of York Cmty. High Sch., 152 F. Supp. 2d 949, 951-52 (N.D. Ill. 2001), a gym teacher punished two boys, including plaintiff, who has serious psychological issues, by not permitting them to get dressed at the end of gym class but instead stand naked in front of their classmates; the next week, he told the cross-country team that he had kicked two students out of class and that they were "like those kids at Columbine in Colorado."  Relying upon Frasca, the district court held that there was no FERPA violation because the fact that this gym teacher had kicked plaintiff out of gym class was known by members of the school community, including "two entire gym glasses [who had] witnessed the incident."  Id. at 954.

Similarly, in Bigge v. Dist. Sch. Bd. of Citrus County, No. 5:11-cv-210-Oc-10TBS, 2011 WL 6002927, at *1 (M.D. Fla. Nov. 28, 2011), plaintiffs filed their lawsuit after their daughters were dismissed from the junior varsity soccer team allegedly in retaliation for having complained about sexist comments made by the coaches.  Like here, defendants refused to provide the names of the thirty-two girls on the junior varsity and varsity teams based upon FERPA; under FERPA, defendant sought permission of these girls' parents to disclose their names, of whom thirty-one agreed.  Id.  The Magistrate Judge ordered defendant to provide the name and contact information for the thirty-second girl, as plaintiffs' need for the information outweighed the other student's concern for privacy.  Id. at *1-3.[2]

---

[2]In rather colorful language, the Magistrate Judge observed that plaintiffs already should have known the names of all the girls of their former team, their names are all identified in the

Presumably, as in Daniel S. and Bigge, the identity of the students here must be known by members of the school community through conversation and personal contact, and hence is not information protected by FERPA. However, in an abundance of caution, as required by FERPA, 20 U.S.C. § 1232g(b)(2)(B), prior to disclosure of student records "in compliance with [a] judicial order," the parents of these students shall be notified in advance of compliance by defendants. See Doe v. Galster, No. 09-C-1089, 2011 WL 2784159, at *1-3, 8-11 (E.D. Wis. July 14, 2011)(in substantially similar case, where plaintiff seventh grader was subjected to horrific physical and verbal bullying, plaintiff was entitled to student records of her assailants, which would reflect upon "what the defendants knew about the abuse she suffered, when they knew about it, [and] what they did to stop it," subject to prior notice provisions and strict protective order); Maxey v. Sioux City Cmty. Sch. Dist., No. C08-4007-DEO, 2009 WL 35171, at *1-2 (N.D. Iowa Jan. 6, 2009)(plaintiff was entitled to names, names of parents, addresses, and telephone numbers of fifth graders who witnessed incident that gave rise to this lawsuit, with prior notice to parents); see also Craig v. Yale Univ., No. 3:10 CV 1600 (JBA), 2012 WL 1579484, at *1-2 (D. Conn. May 4, 2012); Ellis v. Cleveland Mun. Sch. Dist., 309 F. Supp. 2d 1019, 1021-25 (N.D. Ohio 2004)(in lawsuit brought by student regarding corporeal punishment by substitute teacher, plaintiff permitted production of records regarding allegations of physical altercations engaged in by students and substitute teachers, including student and staff statements related to these altercations); Jensen v. Reeves, 45 F. Supp. 2d 1265, 1276 (D. Utah. 1999), aff'd, 3 Fed. Appx. 905, 910-

---

school yearbook, the team members would be able to identify this thirty-second girl, and "it took the Court about one minute to find the names of the current junior varsity and varsity team members on the [I]nternet." Id. at *1. The Magistrate Judge appropriately commented that filing a motion to compel was "possibly the most expensive and time consuming way" to obtain this information. Id.

11 (10th Cir. 2001)(no FERPA violation when school principal explained to parents whose children had been assaulted by plaintiff's young son, and who had filed harassment complaints against him, what disciplinary actions he had taken against this child). (Dkt. #45, Brief at 6-7 & Exhs. 1, 4; Dkt. #48, at 5-7).[3]

Accordingly, defendants shall notify the parents of the authors of these statements **on or before November 30, 2012**, and defendants shall identify them to plaintiff's counsel **on or before December 7, 2012**.

Interrogatories Nos. 7-16 –   For the same reasons as stated above, defendants shall notify the recipients of the letters **on or before November 30, 2012**, and defendants shall identify the recipients and their sons **on or before December 7, 2012**; if they have not done so already, defendants shall provide copies of school records with respect to racial slurs or threats made to plaintiff, and to the extent that defendants have school records that indicate racial slurs or threats made by these two students to students other than to plaintiff, copies of such school records shall be provided to plaintiff's counsel, but with the names of the victims of such racial slurs or threats redacted, also **on or before December 7, 2012**. (Dkt. #45, Brief at 7-17 & Exhs. 1, 5-6; Dkt. #48, at 7).

Interrogatory No. 21 – Defendants assert that there were no racial complaints by other students during Fall 2008 to early 2009. (Dkt. #45, Brief at 17-19 & Exhs. 1, 4; Dkt. #48, at 8-10).

Request for Production No. 2 – Granted to the limited extent set forth above with respect to any non-privileged documents that pertain to the information in Interrogatories Nos.  4-16, if they have not been previously provided, **on or before December 7, 2012**.

---

[3]Very few of these decisions were cited by either counsel.

(Dkt. #45, Brief at 19-20 & Exh. 1; Dkt. #48, at 10-11).

<u>Requests for Production Nos. 4-5</u> – Granted to the limited extent set forth above with respect to any non-privileged documents that pertain to the information in Interrogatories Nos. 9 and 11, if they have not been previously provided, **<u>on or before December 7, 2012</u>**. (Dkt. #45, Brief at 20-23 & Exhs. 1, 4-5; Dkt. #48, at 11).

<u>Request for Production No. 8</u> – No production is necessary as defendants previously assert that there were no racial complaints by other students during Fall 2008 and early 2009. (Dkt. #45, Brief at 17-19, 23 & Exhs. 1, 4; Dkt. #48, at 8-10).[4]

<u>Requests for Production Nos. 9-10 and 13</u> – Granted to the limited extent set forth above with respect to any non-privileged documents that pertain to the information in Interrogatories Nos. 7-16, if they have not been previously provided, **<u>on or before December 7, 2012</u>**. (Dkt. #45, Brief at 23-25, 28-29 & Exhs. 1, 4-5; Dkt. #48, at 12).

<u>Request for Production Nos. 11-12, 14 and 17</u> – Granted to the limited extent set forth above with respect to any non-privileged documents that pertain to the information in Interrogatories Nos. 4-16, regarding plaintiff only if they have not been previously provided, **<u>on or before December 7, 2012;</u>** no further production is necessary as defendants previously assert that there were no racial complaints by other students during Fall 2008 and early 2009. (Dkt. #45, Brief at 25-27, 29-30 & Exh. 1; Dkt. #48, at 8-10, 12-13).

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless

---

[4]Defendants did not address Request for Production No. 8 in their brief.

reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).[5]

Dated at New Haven, Connecticut, this 14th day of November, 2012.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[5] If either counsel believes that a settlement conference before this Magistrate Judge would be productive, he should contact Chambers accordingly.