IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------X
                                      :

MEGHAN WILLIAMS                     :                    3:12 CV 43 (MPS)
                                        :

V.                                                 :
                                        :

HOWELL CHENEY TECHNICAL      :                    DATE: FEBRUARY 26, 2013
HIGH SCHOOL ET AL.                  :
----------------------------------------------------------X

<u>SUPPLEMENTAL RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION</u>

     Familiarity is presumed with this Magistrate Judge's Amended Ruling on Motion to Compel, filed November 13, 2012 (Dkt. #52)["November 2012 Ruling"], and Ruling on Plaintiff's Motion for Reconsideration, filed February 21, 2013 (Dkt. #68)["February 2013 Ruling"].  The February 2013 Ruling concerned defendant's request for a protective order to limit plaintiff's inquiries of CTHS employees (Principal Robert Sartoris, Vice Principal Patricia Feeney, and instructor Janet D'Onofrio) at their depositions to the following three areas, consistent with the November 2012 Ruling:  (1) racial slurs or incidents including former CTHS students Kyle Miller and Michael Miller directed towards plaintiff; (2) racial slurs or incidents involving Kyle Miller and Michael Miller directed towards other CTHS students from January 2008 to February 2009; and (3) the investigation into any other incidents of racial slurs directed towards plaintiff from March 2008 through January 14, 2009.  (Dkt. #60, at 1; Brief at 1-2, 3-6).  The February 2013 Ruling granted plaintiff's Motion for Reconsideration to the limited extent that there was any discovery permitted in the November 2012 Ruling that goes beyond the three items listed by defendants.

     Both counsel orally have requested a clarification as to which topics can be addressed at these depositions beyond the three items listed by defendants.  While counsel are correct

that the overwhelming majority of the discussion in the November 2012 Ruling was centered around these three issues (see November 2012 Ruling at 2-5, 6, discussing Interrogatories Nos. 6-16, & 21, and Requests for Production Nos. 4-5, 8-14, 17), it is theoretically possible that plaintiff's counsel could inquire as to Interrogatory No. 4 and Request for Production No. 2, for which compliance also was ordered. (November 2012 Ruling at 2, 5-6). As the Court has not had access to defendant's responses, it did not want to preclude plaintiff's counsel from asking about this discovery if the inquiry would be relevant to the depositions.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 26th day of February, 2013.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge